Gerald S. Held, J.
This case was tried before me over the space of several days and a decision was rendered,wherein the complaint of the plaintiff was dismissed and decision was rendered from the Bench wherein a judgment of divorce was granted to the defendant on the counterclaim. There are two infant issue of the marriage. Custody of the 17-year-old daughter was given to the defendant. The 17-year-old daughter has been residing with the defendant father and she desired to remain with the father. Custody of the eight-year-old son was given to. the father from Monday to Friday and custody of the eight-year-old boy was given to the mother from Friday evenings to Sunday evenings. Generally speaking, this was the arrangement for a period of time prior to the trial and this court felt it to be in the best interests of the child to continue that arrangement. In addition, the mother received custody on alternate holidays and two weeks during the year. Support was directed to be paid to the plaintiff by the defendant at the rate of $10 per day for each day that the son was in the custody of the mother. Because the plaintiff wife was the guilty party and a judgment of divorce was rendered against her, no alimony was directed to be paid. A counsel fee was awarded to the plaintiff’s attorney.
Because of the fact that the plaintiff was a recipient of Federal welfare assistance and because of the fact that the plaintiff was likely to become a public charge, this court directed that the defendant was to directly reimburse any social services agency to the extent that it provides support to the plaintiff.
*903 This court is in receipt of a letter from the attorney for the defendant wherein the defendant’s attorney argues that the reimbursement by the defendant of any moneys paid, on a public charge basis, by a social services agency is in fact a direction for the defendant to pay alimony and thus it is in conflict with section 236 of the Domestic Relations Law.
The court treats defendant’s attorney’s letter of July 19, 1974 as a motion for reargument. The attorneys appeared before the court on July 30, 1974 and argument of this motion was heard from both sides.
The defendant’s attorney argues that section 236 of the Domestic Relations Law does not permit alimony in a case such as this. Defendant’s attorney also argues that although section 415 of the Family Court Act provides for support to a spouse in the event that said spouse is a recipient of public assistance, that section 415 of the Family Court Act is not applicable herein because the parties are no longer married. Defendant’s attorney further argues that section 101 of the Social Services Law does not permit the payment of support to the plaintiff either.
The plaintiff’s attorney, both in his letter of July 24,1974 and in his argument before the court on July 30, 1974, advises the court that since the plaintiff does in no way benefit by the direction of the court for the direct reimbursement to a social services agency by the defendant, that the plaintiff agrees with the position of the defendant; and then the plaintiff goes on to argue further that 11 what should have been done here was the granting of a joint or cross divorce ”. Thus, it would appear that both the plaintiff’s and the defendant’s attorneys believe the court to be wrong. It also appears that while the court is discussing “apples” with the defendant’s attorney, the plaintiff’s attorney is arguing “pears”. (The plaintiff’s motion for a mutual divorce was originally denied at the close of the trial on the basis that, firstly, the facts did not support such a finding; and, secondly, that this court feels that a mutual divorce cannot be granted on fault grounds.)
After consideration of the learned argument of counsel for the defendant this court adheres to its original decision. This court is not awarding alimony to the plaintiff. If this court were awarding alimony to the plaintiff the defendant would have to pay, based upon his admitted earnings of $34,000 per year, much more than he would ever have to pay a social services agency in reimbursement of its payments of support to his ex-wife. "While it is true that this court finds that the defendant was entitled to a judgment of divorce based upon the fault of the plaintiff and *904 thus it could be asserted that the defendant was “ without blame ” for the termination of the marriage, nevertheless no one can cast upon society his burden of support when in fact he is financially capable of meeting that burden. Truly, it can be argued that society is without fault and thus as between the husband and society there is a greater degree of “ innocence ” in favor of society. Whatever benefits this husband has reaped from the marriage, albeit they may be small (and if they only be the birth of his loving children), nevertheless the defendant cannot say to society and the taxpayers of the city and State of New York that he has cast off his wife because she was not a good wife and that he demands that society now provide support to his ex-wife.
This court believes that there is a great difference between the mandate of section 236 of the Domestic Relations Law which prohibits the payment of alimony to a guilty spouse and the judgment of this court that a spouse reimburse, on a public assistance basis, a welfare agency to the extent that it provides support to his ex-wife. The wife herein in no way becomes an “ alimony drone ” and in fact the wife herein never receives any benefit whatever from any payments made by the defendant to reimburse the welfare agencies. Dependent upon the criteria used by the agency the wife will (or will not) receive public assistance, regardless of the obligation of the husband to reimburse the welfare agency. This court, in its decision, does not state an obligation by the ex-husband to support the ex-wife, but rather it enunciates a doctrine wherein an ex-husband has an obligation to the people of the city and State of New York and society in general.